IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| John Dixon | * |
| Plaintiff, | * |
| v. | * Case No. 1:23-cv-00703-JMC |
| LGX Services LLC, | * |
| Defendants. | * |

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STAY PROCEEDINGS AND COMPEL ARBITRATION**

Plaintiff, John C. Dixon ("Mr. Dixon"), by and through undersigned counsel, hereby respectfully opposes the Motion to Dismiss and/or Stay Proceedings and Compel Arbitration (Dkt. No. 19). Dismissal and/or Stay Proceedings and Compel Arbitration is improper in this case because there exists no agreement to arbitrate the issues in question and there is a genuine issue of material fact regarding the existence of an agreement to arbitrate. *see Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015).

## I. Introduction

This case involves a claim by Mr. Dixon against LGX, a trucking and logistics services company, alleging claims of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 §7, 42 U.S.C. § 2000e et seq. (1964) ("Title VII"), 42 U.S.C. § 1981 ("Section 1981") and Title 20 of Maryland's State Government Article ("Title 20"). (Compl. ¶ 1.)

Defendant claims that Mr. Dixon cannot maintain his case in court because he entered into an employment agreement with LGX that precludes him from doing so. "The Employment Agreement expressly provides for binding arbitration of any "controversy or claim arising out of or relating to this Agreement."" (Dkt. No. 19). However, On October 15, 2020, Defendant offered

1

Mr. Dixon a new employment agreement, that both supersedes the previous agreement and did not include an Arbitration Agreement.

## II. Statement of Material Facts & Procedural History

On or about July 7, 2020, Mr. Dixon signed an employment agreement with LGX employing him as a CLD Class A Driver for LGX. (Dkt. No. 21) This agreement provided had an arbitration provision, requiring "claim arising out of or relating to this Agreement", to be arbitrated. (Dkt. No. 21 ¶21)

On or about October 15, 2020, LGX offered Mr. Dixon an employment agreement for the position of Operations Manager for LGX. (October 15, 2020, Employment Agreement, hereinafter, Exhibit 1) This agreement states that it: "constitutes the entire agreement between you and the Company regarding the matters described in this letter, and supersedes and replaces any prior understandings or agreements, whether oral, written or implied, between you and the Company relating to such subject matter." *Id*.

On October 16th, 2020, Mr. Dixon accepted the position and signed the agreement. *Id*.

In March 2021, LGX offered Mr. Dixon the position of director of operations and subsequently revoked the offer in June 2021 after the position became open. (Dkt. No. 1. ¶11.)

On July 26, 2021, Mr. Dixon was told by Mr. Francis, LGX CEO, that LGX eliminated Mr. Dixon position as Operations Manager and was fired by LGX. (Dkt. No. 1 ¶16**.)**

On March 15, 2023, after exhausting his administrative remedies, Plaintiff filed the instant Complaint and Jury Demand against defendant. On May 5th, 2023, Defendant filed its motion to Dismiss and/or Stay proceedings and Compel Arbitration. Plaintiff now submits this response in opposition of Defendant's motion to Dismiss and/or Stay proceedings and Compel Arbitration.

## III. Standard Of Review

"The right to a jury trial under Section 4 of the Federal Arbitration Act (FAA), however, is

not automatic. Rather, the party seeking a jury trial must make an unequivocal denial that an arbitration agreement exists—and must also show sufficient facts in support." *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015) (internal quotation marks and alterations omitted). "To obtain a jury trial, the parties must show genuine issues of material fact regarding the existence of an agreement to arbitrate." *Id*. "Not just any factual dispute will do. Rather, the party requesting a jury trial under Section 4 must provide sufficient evidence in support of its claims such that a reasonable jury could return a favorable verdict under applicable law. This standard is akin to the burden on summary judgment. *See Oppenheimer,*56 F.3d at 58 (comparing Fed.R.Civ.P. 56(c), (e) to the level of sufficient evidentiary facts needed for jury trial under 9 U.S.C. § 4). In other words, to obtain a jury trial, the parties must show genuine issues of material fact regarding the existence of an agreement to arbitrate." *Id.* "While federal policy favors arbitration, a court must first determine whether the parties actually agreed to arbitrate. "[Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he had not agreed so to submit."" *Davidson v. Becker*, 256 F. Supp. 2d 377, 380 (D. Md. 2003)

### IV. Argument

Defendant is not entitled to have the court compel Mr. Dixon into Arbitration. Not only does Defendant not meet the elements to Apply FAA, if the court decides that the defendant does meet the elements, there still remain a genuine issues of material fact regarding the existence of an agreement to arbitrate. A party seeking to apply the FAA must demonstrate four elements: "'(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'" *Galloway v. Santander Consumer USA, Inc.,* 819 F.3d 79

3

(4th Cir. 2016)

**A. The written agreement that includes an arbitration provision does not cover the dispute between the Parties.**

On July 7, 2020, LGX first employed Mr. Dixon as a CDL Class A Driver under the terms of an at-will employment agreement. (Dkt. No. 21 ¶ 12). The employment agreement including an arbitration provision, requiring "claim arising out of or relating to this Agreement", to be arbitrated. (Dkt. No. 21 ¶ 21) Subsequently, on October 15, 2020, LGX offer Mr. Dixon a new employment agreement for the position of Operations Manager. Ex. 1 The October 2020 employment agreement carried over the term of Mr. Dixon's employment as an at will employee. Ex. 1 ¶ 3 However, it substantially changed the terms of Mr. Dixon's July 2020 employment agreement with LGX and did not include an agreement to arbitrate disputes arising from that agreement. The October 2020 employment agreement states that it: "constitutes the entire agreement between you and the Company regarding the matters described in this letter, and supersedes and replaces any prior understandings or agreements, whether oral, written or implied, between you and the Company relating to such subject matter."

It is clear that the October 2020 employment agreement as the operations manager of LGX is the subject of the dispute. This employment agreement has no provision for the parties to arbitrate. The July 2020 employment agreement arbitration provision provides that claims and disputes arising from the agreement regarding Mr. Dixon's employment as a CDL Class A driver must be arbitrated, as they are "arising out of or related to this" agreement. (Dkt. No. 21 ¶ 21). The October 2020 employment agreement as operations manager states that it: "supersedes and replaces any prior understandings or agreements, whether oral, written or implied, between you and the Company relating to such subject matter." The clear subject matter here been the employment of Mr. Dixon by LGX as operations manager.

Because the controlling employment agreement does not have arbitration covering the dispute between the parties, LGX motion must be denied.

### B. There is no failure, neglect, or refusal by Plaintiff to Arbitrate.

Mr. Dixon did not fail, neglect, or refuse to arbitrate the dispute and claims arising from his employment agreement and firing as operations manager for LGX. The October 2020 offer and agreement for employment as operations manager did not include an arbitration provisions. This employment agreement superseded and replaced Mr. Dixon's July 2020 employment agreement as a CDL Class A Driver.

Furthermore, upon signing the October 2020 employment agreement, Mr. Dixon would not have expected that the employment agreement as a CDL Class A drive, continued to control the terms of his employment with LGX. "While federal policy favors arbitration, a court must first determine whether the parties actually agreed to arbitrate. "[Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he had not agreed so to submit."" *Davidson v. Becker*, 256 F. Supp. 2d 377, 380 (D. Md. 2003)

Having signed the October 2020 employment agreement and having his terms and conditions of his employment substantially changed by this agreement, it's not plausible that Mr. Dixon was agreeing to continue his employment as operations manager under the terms of his employment agreement as a CDL Class A driver, including the arbitration provision. The at-will term from the July 2020 employment agreement was explicitly stated in the October 2020 employment agreement. This shows a conscious decision by LGX to include and excluded some terms from the July 2020 employment agreement. LGX chose to exclude the arbitration term.

### C. The conflicting Employment Agreement creates a genuine issue of material fact regarding the existence of an agreement to arbitrate.

The July 7, 2020, agreement employing Mr. Dixon as a CDL Class A driver, has an Arbitration clause (Dkt. 21 ¶ 21); This require that any claim arising out of or relating to this

agreement be arbitrated. On October 15th, 2020, LGX offered Mr. Dixon a new employment agreement as LGX Operations Manager. There is no Arbitration provision is this agreement, and it states that it: "… supersedes and replaces any prior understandings or agreements, whether oral, written or implied, between you and the Company relating to such subject matter." Ex. 1 ¶ 6. "To obtain a jury trial, the parties must show genuine issues of material fact regarding the existence of an agreement to arbitrate. *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015)

The fact of the existence of the two separate employment agreement, one pertaining to his employment as a CDL Class A driver, including an arbitration clause and the other pertaining to his employment as operations manager, without an arbitration clause, creates a genuine issue of material fact as to the existence of an agreement to Arbitrate the claims arising from the agreement Mr. Dixon signed with LGX to be its operations manager. Mr. Dixon is claiming a violation of Title VII due to LGX's failure to promote him from the Operations Manager to Operations Director and subsequently firing him as Operations Manager. Since the dispute and claim arises from his employment agreement as LGX's Operations Manager, that Agreement is controlling.

The party requesting a jury trial under Section 4 must provide sufficient evidence in support of its claims such that a reasonable jury could return a favorable verdict under applicable law. This standard is akin to the burden on summary judgment. *See Oppenheimer,* 56 F.3d at 358. A reasonable jury could return a verdict under applicable law that the October 2020 employment agreement without the arbitration provision, is the controlling agreement for purposes of claims and disputes arising from Mr. Dixon's employment as operations manager for LGX. Furthermore, a reasonable jury could find that Mr. Dixon did not intend to agree for the arbitration provision in the July 2020 agreement to become an implicit term of his operation manager employment agreement, which substantially changed the terms of his employment with LGX.

Because there is a genuine issue of material facts as to the existence of an agreement to arbitrate the dispute and claims arising from Mr. Dixon's employment with LGX as its Operations Manager, the court must deny Defendant's motion.

## V. Conclusion

For the foregoing reason, Plaintiff request that this court deny Defendant's Motion To Dismiss and/or Stay proceedings and Compel Arbitration.

Respectfully Submitted,

*/s/ George Rose*
George A. Rose, Esquire
Federal Bar Number: 26086
Rose Law Firm, LLC
9134 Liberty Road
Baltimore, MD  21133
Ph: 410-727-7555 / Fax: 443-320-0962
Email: grose@roselawfirm.net
Attorney for *Plaintiff Mr. John Dixon*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May 2023, a copy of the foregoing was served on all counsels of record by the Court's CM/ECF system.

*/s/ George A. Rose*